DAVID KINGSLAND *v.* FRIEND ADAMS.

An action on book may be maintained, to recover the price of a horse sold and delivered, although there are no other dealings between the parties.

It is not a *legal* objection to a charge on book, that it was not made when the goods were delivered.

THIS was an action of book account, which had been referred to an auditor, who reported, that the only item of charge in the plaintiff's account was for a horse, at forty-five dollars; that the horse was sold in December, 1835, and that the charge was not made on the plaintiff's book till May, 1836. The report was in favor of the plaintiff, and was accepted by the county court. Exceptions by the defendant,

*E. D. Woodbridge,* for defendant.

In the case of *Ames et al.* v. *Fisher,* decided by this court, in Windham county, in 1817, it was held, that a domestic spinning jenny, the only charge on the plaintiff's book, could not be recovered in the action on book. If that decision be law, it puts an end to the present question. Bray. Rep. 39.

In the case of *Field, Gates & Co.* v. *Sawyer,* it was decided, that a charge of 141 gallons of gin, with the charge of $3,00 for a hogshead, to contain the same, might be recovered in this form of action, but in that case, it will be observed, it was not contended that a horse or farm would be a proper charge on book, for in such cases, from the nature of the articles, there could be no known standard for the price, and the defendant might therefore be exposed to great fraud and injustice. Bray R. 39, 40.

Our action on book is borrowed from Connecticut. Judge Swift, in his digest of the laws of that state, lays it down as a rule, "that the items of the plaintiff's charge must be of that nature, which are, in the ordinary intercourse of mankind, commonly charged on book. 1 Swift's Dig. 582. A horse is not that kind of property which is commonly charged on book, by the citizens of our state. In the case of *Leach & Walker* v. *Shepherd,* a charge of 2088 lbs. of wool was allowed to be recovered in this form of action. That case is distinguishable from the present in two particulars.

1. The difference in the kinds of property, and the common

mode of dealing in the two articles. Wool is strictly an article of merchandize, particularly made so by our course of dealing. It is property which we frequently deliver to our merchants and mechanics, in payment of their demands against us. The price is easily and surely ascertained, and that without any danger of doing injustice to the defendant. But it is not so with horses. They are not an article of merchandize, not property that is ever turned out to merchants and mechanics in payment of debts, and, therefore, there can be no necessity of charging them on book. The value is too uncertain to be recovered in this form of action.

2. It will be observed in the case of *Leach & Walker* v. *Shepherd*, that the plaintiffs, at the time of delivery, minuted the wool on a slip of paper, and soon afterwards charged the same on book. But in the present case, the sale of the horse was in the month of December, 1835, and no charge thereof made until the month of May, 1836.

*U. H. Everest*, for plaintiff.

The opinion of the Court was delivered by

WILLIAMS, Ch. J.—All attempts to establish any general rule, as to what may or may not be charged on book, have failed. It would be absurd to say that the action might be maintained to recover the price of one or two sheep or cattle, and not for a horse. The case in Brayton's R. 39, where the court decided that an action on book could not be maintained, when the only charge was a domestic spinning jenny, was made at a time when the nature of the action had not been as much investigated as it has been of late. The grounds on which the court proceeded are not stated. The case itself is overruled by the case of *Field, Gates & Co.* v. *Sawyer*, next following in the same book, and in several cases since. We consider the action was correctly brought, and the article charged a proper subject of a charge on book.

The next objection to the right of the plaintiff to recover is unfounded. That no charge was made on book at the time of delivery, is no valid objection to a recovery, if the article was actually sold, and was a proper subject of charge on book. When the property sold is not charged at the time, it may, as a matter of evidence, weaken the plaintiff's claim, and when a book is kept and no charge is made, it

affords strong evidence against the party making the claim, but cannot determine that the article sold is not a proper subject of charge.

The judgment of the county court must, therefore, be affirmed.